UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES W. ATKINS, et al.,

   **Plaintiff,**

v.              **Case No: 5:14-cv-593-Oc-32PRL**

NEAL S. SMALBACH, and EVEREST
INDEMNITY INSURANCE COMPANY,
a Delaware Corporation, and MICK &
ASSOCIATES, PC, LLO, a Nebraska
Professional Corporation

   **Defendants.**

_____

# REPORT AND RECOMMENDATION[1]

This matter is before the Court on Plaintiffs' motion to remand (Doc. 6), to which Defendant Mick & Associates, PC, LLO ("Mick") has responded.[2]   (Doc. 9).   Plaintiff argues that remand is warranted on all claims because complete diversity does not exist between the parties who are properly joined, as Mick is jointly and severally liable with Defendant Neal S. Smalbach.   (Doc. 6).   Mick, on the other hand, contends that it has been fraudulently joined to the state action in an effort to defeat its right to litigate in federal court under the court's diversity jurisdiction.   I agree with Mick and recommend that the Plaintiffs' motion to remand be denied.

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

[2] Plaintiffs also filed an unauthorized reply to Defendant's response (Doc. 10), to which Mick filed a motion to strike.   (Doc. 11).   In response, the Court permitted Mick leave to file a sur-reply to the Plaintiffs' unauthorized reply which Mick filed on January 10, 2014.   (Doc. 15).

## I.    Background and Facts

On various dates in 2012, twenty-two (22) stipulated arbitration awards were issued pursuant to the Financial Industry Regulatory Authority dispute resolution ("FINRA Arbitration Awards") in favor of several similarly situated investors who asserted numerous state causes of action against Neal S. Smalbach, who is a Defendant here.    (Doc. 1, Ex. 1–2).    Their claims all arose from the sale of securities by Smalbach to them which turned out to be fraudulent and worthless.[3]    (Doc. 1, Ex. 1–2).    On July 6, 2012, those investors, who are now the Plaintiffs here, initiated this case by filing a Complaint against Smalbach and another defendant, Everest Indemnity Insurance Company, in Circuit Court for the Fifth Judicial Circuit in and for Marion County, Florida, seeking confirmation of the FINRA Arbitration Awards and attorney's fees. (Doc. 2).    On April 23, 2013, Plaintiffs voluntarily dismissed Everest Indemnity Insurance Company from the action (Doc 1 at 2), leaving only Smalbach, a Florida resident, as the defendant.    (Doc 2 at 2).

On September 9, 2014, however, Plaintiffs filed a Second Amended Complaint which re-asserted the confirmation of the FINRA Arbitration Awards and attorney's fees against Smalbach (Doc. 2, Ex 2 at 39–41), but additionally asserted substantive state law claims against Mick and Associates, PC, LLO, a Nebraska professional limited liability company.    (Doc. 2 at 4).    The claims against Mick alleged violations of the Florida Securities and Investor Protection Act based upon allegedly fraudulent due diligence opinion letters issued by Mick to Smalbach's employer, GunAllen Financial, Inc.    Plaintiffs contend that such opinions were relied upon by Smalbach and were material in his decision to sell the fraudulent investments.    (Doc. 2 at 5, ¶ 18).    Specifically, pursuant to Fla. Stat. § 517.221, Plaintiffs seek to hold Mick jointly and

---

[3]  The securities were issued by Provident Royalties. (Doc. 1, ¶ 3).

severally liable with Smalbach for the damages caused by the sales of the fraudulent securities; that is, the same damages awarded in the FINRA Arbitration Awards.    (Doc. 2 at 5, ¶ 21–23).

Mick removed the case to this Court on October 24, 2014 on the basis of diversity jurisdiction under 28 U.S.C. § 1441, asserting that Plaintiffs fraudulently joined it to an entirely unrelated cause of action in state court against Smalbach for the purpose of defeating diversity jurisdiction, as both Smalbach and Plaintiffs are residents of Florida, while Mick is from Nebraska.    (Doc. 1, p. 6).    If Mick can show a basis for this court's jurisdiction over it and fraudulent joinder, then Plaintiffs motion for remand is due to be denied.    Mick has made this showing.

## II.    Standard

The Constitution and Congress limit a federal court's jurisdiction by restricting the types of cases which the federal courts may hear.    *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co*., 31 F.3d 1092, 1095 (11th Cir.1994).    For this reason, statutes authorizing removal of actions to federal courts are strictly construed against removal.    *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *Burns*, 31 F.3d at 1095 ("[R]emoval statutes are construed narrowly; where the plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand") (internal citations omitted).

In order to maintain jurisdiction under 28 U.S.C. § 1441, every plaintiff must be diverse from every defendant.    *See Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996).    In the instant case, both the Plaintiffs and Defendant Smalbach are residents of Florida, therefore, on the face of the pleadings, there is a lack of complete diversity which would preclude removal of the case to federal court.    However, a plaintiff's claim may still be

removable if the diverse defendant was fraudulently joined to the plaintiff's claims against a non-diverse defendant. *See Triggs v. John Crump Toyota, Inc*., 154 F.3d 1284, 1287 (11th Cir.1998). In the Eleventh Circuit, joinder has been deemed fraudulent in three situations: (1) where there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant; (2) where there is outright fraud in the plaintiff's pleading of jurisdictional facts; and (3) where a misjoinder under the Federal Rules of Civil Procedure is so egregious that it is deemed fraudulent, i.e., where (a) the resident shares no joint, several, or alternative liability with the nonresident defendants and (b) the claim against the resident defendant has no real connection to the claims against the nonresident defendants. *See Triggs*, 154 F.3d at 1287 (citing *Tapscott*, 77 F.3d at 1360 (finding that while a simple misjoinder does not constitute a fraudulent joinder, a plaintiff's attempt to join parties which is so egregiously in violation of Rule 20 is deemed fraudulent)).

The burden of proving assertions of fraudulent joinder in a case removed on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1441(b) lies with the removing party. *Crowe v. Colema*n, 113 F.3d 1536, 1538 (11th Cir.1997) (citing *Cabalceta v. Standard Fruit Co*., 883 F.2d 1553, 1562 (11th Cir. 1989)). A plaintiff's pleadings as they exist at the time of removal provide the basis on which these determinations are made. *Id.*

To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff. *Crowe*, 113 F.3d at 1538; *see also Cabalceta*, 883 F.2d at 1561. Absent fraudulent joinder, a plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors, and to prosecute his own suit in his own way to a final determination. *Crowe*, 113 F.3d at 1538. Furthermore, a defendant's right to remove and

plaintiff's right to choose his forum are not on equal footing: "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."   *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

### III.   Discussion

Because there is no dispute that Mick is a non-resident (Doc. 2 at 4, ¶ 13), and that the amount in controversy exceeds $75,000 (Doc. 2 at 5, ¶ 23), the only issue is whether Plaintiffs fraudulently joined Mick to Plaintiffs' original claims against Smalbach (a resident party). *See Triggs*, 154 F.3d at 1287.   Fraudulently joining Mick to the claims against Smalbach would unfairly deprive Mick of its constitutionally and statutorily protected right to adjudicate the claims against it in a federal forum.   *See* 28 U.S.C. § 1332; *see also Terral v. Burke Const. Co.*, 257 U.S. 529, 531 (1922) (stating that non-resident defendants have a "federal constitutional right . . . to resort to federal courts.").   Mick alleges that the joinder was so egregiously in violation of Rule 20 of the Federal Rules of Civil Procedure that it is deemed to be fraudulent.[4] *See Triggs*, 154 F.3d at 1287 (citing *Tapscott* 77 F.3d at 1360).   To determine whether there was an egregious misjoinder under Rule 20, the Court will specifically address (a) whether Smalbach shares joint, several, or alternative liability with Mick, and (b) whether the claims against Smalbach have a real connection to the claim against Mick.   *Triggs*, 154 F.3d at 1287 (citing *Tapscott* 77 F.3d at 1360).   If both of these questions are answered in the negative then Plaintiffs fraudulently joined the claims against Mick.   *See id.*

In making its determination, the Court looks at Plaintiffs' Second Amended Complaint (Doc. 2, Ex 2 at 39), Plaintiffs' operative pleading at the time of removal.   *See Crowe*, 113 F.3d

---

[4] Mick additionally argues that it has proved the absence of any reasonable prospect of success of Plaintiffs' claim against itself.   (Doc. 15 at 3).   However, the question is not whether the claim against the *diverse* defendant has a possibility of success; rather, it is whether there is no possibility of success on the claim against the *non-diverse* defendant.   *Triggs*, 154 F.3d at 1287.   Therefore, this Court will not consider this argument in its analysis of whether there was a fraudulent joinder.

at 1538.   Therein, Plaintiffs allege that "Defendant Mick 'aided in the sale' of the Provident securities by Smalbach to the Plaintiffs by providing an opinion letter validating a security that was, in reality, a Ponzi Scheme."   (Doc. 1, Ex. 2 at 39, ¶ 22).   Plaintiffs further allege that, "But for the opinion letters of Mick, Smalbach would not have sold the Provident investments to the Plaintiffs."   *Id.*

### A.  Joint and Several Liability

The first issue is whether Defendants Mick and Smalbach share joint and several liability on the face of Plaintiffs' Second Amended Complaint.   Plaintiffs' theory of joint and several liability is that Mick aided Smalbach in the sale of the securities, and, because Smalbach was already found to be liable in the FINRA arbitration, joint and several liability would exist under Florida law between Mick and Smalbach.   Florida Statute § 517.211(2) imposes joint and several liability upon "agents of or for the . . . seller . . . if the . . . agent has personally participated or aided in making the sale" of securities in violation of Fla. Stat. § 517.301 (which governs fraud in the sale of a security).   In effect, Plaintiff is seeking to hold Mick, as an agent of Smalbach, jointly and severally liable for the FINRA Arbitration Award damages that were issued against Smalbach, even though Mick was not a party to the FINRA arbitration.

The statute goes on to say that such "agents of or for the seller" are jointly and severally liable "in an action for rescission . . . or for damages."   Fla. Stat. § 517.211(2).   Plaintiffs have only alleged one action for rescission or damages in their Second Amended Complaint.   They allege such an action for the fraudulent sale of securities against Mick, but have not alleged such a claim against Smalbach.   Instead, Plaintiffs have only sought a judicial confirmation of its completed and finalized FINRA Arbitration Award and attorney's fees against Smalbach, neither of which are an action for rescission or damages for the fraudulent sale of securities.   Plaintiffs

have not provided any authority which stands for the proposition that a plaintiff can seek to hold a new defendant jointly and severally liable for a finalized arbitration award to which that defendant was not a party.   For these reasons, Plaintiffs have not alleged a basis of joint and several liability between Mick and Smalbach on the face of their Second Amended Complaint.

### B.   "Real Connection" Between the Claims

The second issue is whether the claims against Smalbach have a "real connection" to the claim against Mick.   *See Triggs*, 154 F.3d at 1287.     In order to determine whether there was a real connection, the Eleventh Circuit in *Tapscott* analyzed the connections between the claims within the requirements of Rule 20 of the Federal Rules of Civil Procedure.   Rule 20 says that defendants may be joined in one action if:   (1) any right to relief is asserted against them jointly, severally, or in the alternative liability with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) a common question of law or fact common to all defendants will arise in the action.   Fed. R. Civ. P. 20(a)(2).

As stated above, there is no joint, several, or alternative liability between Smalbach and Mick on the face of the Plaintiffs' Second Amended Complaint.   Further, the claims against the two defendants arise from entirely separate transactions or occurrences.   Plaintiffs' claims against Smalbach arise from a series of completed arbitration proceedings, the awards from the proceedings, and attorney's fees that accumulated during the proceedings.   Meanwhile, Plaintiffs' claims against Mick arise from the issuance of allegedly misleading due diligence opinions to Smalbach's employer, GunAllen Financial, Inc.

Moreover, there are no common questions of law or fact between the claims against Mick and Smalbach.   To succeed on the confirmation of the FINRA Arbitration Award against Smalbach, Plaintiffs must only file a motion with the court requesting approval of the awards.

*See* Fla. Stat. § 682.12 (2014).    The court must confirm the award unless Smalbach challenges the validity of the award pursuant to the reasons enumerated by Florida Statute.    *See id.*  Additionally, to succeed on their claim for attorney's fees against Smalbach, Plaintiffs must only establish that the award of such fees would not be "unjust."    *See* Fla. Stat. § 517.211(6).  Consequently, to succeed on the claims alleged against Smalbach, Plaintiffs need not allege any of the facts or law needed to establish the underlying fraudulent sales of securities by Smalbach, as the merits of those issues were decided in arbitration.

On the contrary, the claims against Mick arise from the fraudulent sale of securities.  The facts needed to prove the claims against Mick involve establishing that Mick was indeed an "agent" of GunAllen Financial, Inc, and that it "personally participated or aided in making the sale" of the worthless securities issued by Provident Royalties.    In short, the facts and law that must be alleged to succeed against Mick are entirely different than the facts and law that must be alleged to succeed against Smalbach.

A case from the Eastern District of Louisiana is illustrative of the differences in the claims that the Plaintiffs seek to bring.    *See Standard S.S. Owner's Protection Indem. Ass'n (Bermuda) Ltd. v. C&G Marine Services, Inc.*, No. Civ. A. 92-0144, 1992 WL 111186 (E.D. La May 13, 1992).    In *Standard*, an insurance company (Standard) brought claims against its insured (C & G) in an English court for failing to pay insurance premiums.[5]    *Id.* at *1.    After obtaining a default judgment in its favor, Standard sought to enforce the English judgment against C & G in the U.S. District Court for the Eastern District of Louisiana.    *Id.*    Once Standard filed in the Louisiana District Court, the defendant C & G impleaded a third party defendant named Hall, claiming that if C & G is liable to Standard, then Hall is liable to C & G

---

[5]  The parties were bound to a forum selection clause which required their claims to be litigated in England.

based on Hall's having fraudulently induced C & G to purchase Standard's insurance coverage. *Id.* at *3. The Louisiana District Court reasoned that Hall could not be liable to C & G for any part of Standard's claim because Standard's claim relates *solely to the enforcement of the English judgment*, not to the merits of any dispute regarding parties' contractual duties. *Id.* The court held that the impleaded claims alleging a new theory of liability against a new defendant were "*wholly unrelated* to Standard's claim for enforcement of the English judgment." *Id.* (emphasis added). Therefore, the claims against the third party defendant were properly dismissed. *See id.* at *4.

The parallel between *Standard* and the instant case is instructive. The procedural posture of confirming an arbitration award is essentially the same as seeking to enforce a foreign judgment. That is, the merits of the substantive claims have already been litigated (either in arbitration or trial) and the outcome (in the form of an arbitration award or a judgment) is filed with a court and is binding on the defendant who was a party to the original proceeding. When bringing the arbitration award or judgment before a court for confirmation or enforcement, the transaction at issue is not the underlying substantive claims that gave rise to the arbitration or trial, but the arbitration award or judgment itself. *See Somportex Limited v. Philadelphia Chewing Gum Corp.*, 453 F.2d 435, 439–40 (3d Cir. 1971) (stating that, in an action to enforce a foreign judgment, the transaction at issue is not the underlying claim but is the foreign judgment itself). In the same way that a defendant's crossclaim arising from new theories of liability against a third party defendant is "wholly unrelated" to the claim for enforcement of the foreign judgment, a plaintiff's claim arising from new theories of liability against a second defendant is "wholly unrelated" to the claim for confirmation of arbitration awards against a first defendant.

Accordingly, Mick has met its burden of demonstrating that there is an absence of any overlap in the factual allegations needed to prove the claims against Smalbach and Mick; that Plaintiffs' claims do not arise out of the same transaction or occurrence; and, that Plaintiffs have not plead any claims to which the Defendants may be held jointly and severally liable.   For these reasons, I submit that there is a misjoinder of Mick to Plaintiffs' claims against Smalbach in violation of Rule 20 that is so egregious that it is fraudulent.   As such, Plaintiffs cannot seek the advantage of a state forum to adjudicate its wholly separate and unrelated claims against a non-resident party.   This Court should, therefore, maintain diversity jurisdiction over the claim against Mick without considering the non-diverse Defendant, Smalbach.

Regarding the remaining claims against Smalbach, the Court should decline to exercise supplemental jurisdiction.   District courts have the power to exercise supplemental jurisdiction over all state law claims that are so related to the claims that are within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.   28 U.S.C. §1367(a).   This "case or controversy" standard confers supplemental jurisdiction over all state claims which arise out of a "common nucleus of operative fact with a substantial federal claim."   *Lucero v. Trosh*, 121 F.3d 591 (11th Cir. 1997).   Here, while the Court may have the power to exercise supplemental jurisdiction over Plaintiffs' claims against Smalbach, for the reasons set forth above, the claims against Mick and Smalbach are so "wholly unrelated" that the Court should decline to exercise such jurisdiction.

## IV.   Recommendation

For the reasons explained above, I **recommend** that Plaintiffs' motion to remand (Doc. 6) be **denied** and that Counts I and II of Plaintiff's Second Amended Complaint against Smalbach be **severed and remanded** to state court.

Recommended in Ocala, Florida on February 6, 2015.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy